UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23 CV 1207 CDP |
| | ) | |
| WINDSOR C-1 SCHOOL BOARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

Under Rule 59(e), Federal Rules of Civil Procedure, plaintiff Daniel Gaines asks me to reconsider my July 16, 2024, Memorandum and Order that dismissed his amended complaint with prejudice for failure to state a claim.   Gaines makes no legal or factual arguments convincing me that my prior decision was in error.   I will therefore deny his motion to reconsider.

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than twenty-eight days after entry of the judgment.   Rule 59(e) gives the court power to rectify its own mistakes following entry of judgment.   *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982).   Rule 59(e) motions are limited, however, to correcting manifest errors of law or fact or to present newly discovered evidence, *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006), and are reserved to provide relief in

"extraordinary circumstances."   *Barnett v. Roper*, 941 F. Supp. 2d 1099, 1104

(E.D. Mo. 2013).   I have broad discretion in determining whether to grant a Rule

59(e) motion.   *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.

The arguments in Gaines' motion do not persuade me that my decision on

the claims raised in his amended complaint was legally or factually incorrect or

that my reasoning was flawed.   Nor do I find that extraordinary circumstances

exist to warrant the relief Gaines seeks.   I will therefore deny Gaines' motion to

reconsider the dismissal of his amended complaint.

I will also deny Gaines' request that I convert the dismissal with prejudice to

a dismissal without prejudice.   I dismissed Gaines' complaint in part because

several of the named defendants are not suable entities under 42 U.S.C. § 1983

and/or are immune from suit on his claims.   *See Ketchum v. City of W. Memphis,

Ark.*, 974 F.2d 81 (8th Cir. 1992) (proper to dismiss with prejudice non-suable

entities under Rule 12(b)(6)); *Scheffler v. Trachy*, 821 F. App'x 648 (8th Cir. 2020)

(affirming dismissal with prejudice on basis of judicial immunity); *T.U. ex rel

Davis v. Bd. of Educ. of St. Louis*, No. 4:09CV266SNLJ, 2010 WL 4023931, at *1

(E.D. Mo. Oct. 13, 2010) (dismissal with prejudice because sovereign immunity

bars official capacity claims).   I dismissed the remaining defendants on the merits

of Gaines' claims against them.   *Cf. Semtek Int'l Inc. v. Lockheed Martin Corp.*,

531 U.S. 497, 505 (2001) (dismissal with prejudice evinces court's intention to

dismiss on the merits).   Because there is no deficiency in Gaines' amended

complaint that can be cured, converting the with-prejudice dismissal to one without

prejudice is not justified.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Daniel Gaines' Motion to

Amend Memorandum and Order [61] is **DENIED.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of September, 2024.